IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No   CR-98-0070 VRW |
|     Plaintiff, | ORDER |
|     v | |
| HOWARD M VOGEL, | |
|     Defendant. | |

Defendant Howard M Vogel ("Vogel") was convicted by a jury on October 3, 2002, of one count of conspiracy to launder monetary instruments (18 USC § 1956(h)) and 14 counts of laundering funds by transferring them from outside to inside the United States (18 USC § 1956(a)(2)(B)(i)).  Doc #314; Doc #360 at 1 ¶¶ 1, 2.  On September 30, 2005, Vogel moved for a new trial and for discovery in support of his motion for a new trial.  Doc #438.  A hearing was held on this matter on November 8, 2005.  For the reasons stated below, the court DENIES both motions.

//
//
//

Case 3:98-cr-00070-JW    Document 448    Filed 02/10/06    Page 2 of 5

FRCrP 33 provides that a court may grant a new trial "if the interest of justice so requires." If the motion is based on newly discovered evidence, the motion must be filed within three years of the verdict or finding of guilt. FRCrP 33(b)(1). Because Vogel was convicted on October 3, 2002, the present motion is timely.

To prevail on an FRCrP 33 motion, a defendant generally must satisfy a five-part test: (1) the evidence must be newly discovered; (2) the failure to discover the evidence sooner must not be the result of a lack of diligence on the defendant's part; (3) the evidence must be material to the issues at trial; (4) the evidence must be neither cumulative nor merely impeaching and (5) the evidence must indicate that a new trial would probably result in acquittal. United States v Kulczyk, 931 F2d 542, 548 (9th Cir 1991). But when the testimony of a prosecution witness is wholly discredited, a court should instead apply a relaxed standard and order a new trial. Mesarosh v United States, 352 US 1, 11-14 (1956); United States v Chisum, 436 F2d 645, 648-49 (9th Cir 1971).

In his new trial motion, Vogel alleges that a key prosecution witness, Steven Ableman ("Ableman"), perjured himself at Vogel's trial, leading to an erroneous conviction. Doc #438 at 1. After Vogel's conviction, Ableman pled guilty to obstructing justice based on false statements and submissions that he made and induced others to make to his probation officer about the source of some money that he had received. Vogel speculates that "[t]he false annotations Ableman put on the bank statements were for the purpose of hiding the true source of his tainted drug monies." Id at 2. Vogel also asserts that a new trial is justified because the

2

government misled defense counsel that all of Ableman's criminal conduct involving the false statements occurred after Vogel's trial.  Id at 2-3.

Vogel's contentions do not justify a new trial because Vogel has neither justified invoking <u>Mesarosh</u>'s relaxed test nor satisfied the standard five-part test.  Vogel contends that Ableman's conviction necessarily means that Ableman lied at Vogel's trial when Ableman stated that he was complying with his plea agreement.  Doc #438 at 1.  But Ableman only made the false statements and submissions to his probation officer on November 25, 2002, <u>after</u> Vogel had been convicted on October 3, 2002.  Doc #440, Ex 3 at 2 ¶ 2.  Because Ableman was not convicted based on actions that he took before or during Vogel's trial, Ableman did not necessarily commit perjury at Vogel's trial, and this conduct provides no basis "wholly [to] discredit" Ableman's testimony.  Moreover, government misconduct does not justify granting a new trial here because the government's attorneys did not lie when they informed Vogel's counsel that Ableman was convicted based on activity that occurred solely after Vogel's conviction.

Nonetheless, Vogel speculates that Ableman committed other uncharged crimes by laundering money through sales of drug-tainted property.  Doc #444 at 3-8.  The government has refuted this assertion with evidence suggesting that Ableman legally obtained at least some of the money through a refund for commissions on the sale of Ableman's properties.  Doc #443, Ex 1 at 7 ¶ 2; id, Ex 3 at 10.  But even if Ableman laundered this money, Vogel has not shown how this would discredit Ableman's testimony, which focused on other illegal actions that he and Vogel performed.

3

More importantly, all of the evidence that Vogel relies on would merely be cumulative and impeaching in a new trial. Ableman was impeached at Vogel's trial for previously committing dozens of serious crimes, including creating false documents to hide the source of money received in drug deals (Doc #408 at 388-98); destroying incriminating evidence when he believed that he was under investigation and that his house would be searched (id at 405, 434-37); making false statements on tax returns (id at 422-25); lying under oath in previous suits (id at 430-31, 487-90); impersonating a lawyer so he could visit a co-defendant in custody (id at 433) and smuggling about $1.5 million in drug proceeds out of the United States (id at 441-45).  Hence, Ableman's past illegal conduct more than adequately demonstrated his dubious character, and evidence relating to Ableman's subsequent conviction would only be cumulative and likely would not change the outcome of a new trial.

The court also declines to exercise its discretionary and supervisory powers to order new discovery.  Vogel has not shown that the requested documents pertaining to Ableman's conviction relate in any material way to Ableman's testimony at Vogel's trial. And, for the reasons discussed above, the requested discovery would be unlikely to lead to an acquittal in a new trial because the discovery would at best yield cumulative impeaching evidence.

//
//
//
//
//

1    Accordingly, for the reasons stated above, the court
2 **DENIES Vogel's motion for a new trial and DENIES Vogel's motion for**
3 **discovery in support of the new trial motion.**

5    **IT IS SO ORDERED.**



**VAUGHN R WALKER**
**United States District Chief Judge**